**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Jamie Napier, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:18-cv-00234 |
| | ) | |
| vs. | ) | Judge Michael R. Barrett |
| | ) | |
| West Chester Hospital, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**OPINION & ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, or in the Alternative, to Stay and Compel Arbitration. (Doc. 4). Plaintiff filed a Response in Opposition, (Doc. 7), and Defendants filed a Reply, (Doc. 8).

Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and Ohio Rev. Code 4112.021, *et seq.*

## I.    BACKGROUND

Plaintiff Jamie Napier (Plaintiff) is a former employee of Defendants West Chester Hospital, LLC, and UC Health, LLC, (Defendants). (Doc. 4 at PageID 13). As a condition of her employment, Plaintiff signed an Arbitration Agreement (Agreement) which required her to arbitrate all employment-related claims between herself and Defendants. (*Id.* at PageID 14). The Agreement requires the parties to arbitrate *all claims*, including claims regarding *retaliation, harassment based on race,* and *discrimination based on race.* (Doc. 4, Attachment 1, Ex. B at PageID 33) (emphasis added).

Plaintiff filed charges with the U.S. Equal Employment Opportunity Commission (EEOC) and the Ohio Civil Rights Commission (OCRC) shortly after her termination. (Doc. 7 at PageID 45). The OCRC determined that Plaintiff "had been 'subjected to different terms and conditions of employment, harassed, and ultimately terminated because of her race and in retaliation for complaining about discrimination.'" (*Id.* at PageID 46.). Following the OCRC's determination, the EEOC sent Plaintiff a Notice of Right to Sue and she filed the present action. (*Id.*)

Defendants move to dismiss all of Plaintiff's claims, stating that she entered into a binding arbitration agreement. Defendants maintain that the Court should dismiss the claims and the parties should proceed to arbitration. Plaintiff argues that this Court should deny the motion to dismiss and stay the case pending arbitration.

## II.    <u>ANALYSIS</u>

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, "promotes 'a liberal federal policy favoring arbitration agreements,' and [establishes that] 'questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.'" *Mason v. Synchrony Bank*, Case No. 3:17-cv-314, 2018 WL 527981, at *2 (S.D. Ohio Jan. 22, 2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (citing *Javitch v. First Union Sec., Inc.*, 315 F.3d 619,

624 (6th Cir. 2003)). This means that a court must decide (1) if a valid and enforceable arbitration agreement exists and, if so, (2) whether the specific dispute falls within that agreement. (*Id.*).

First, based on Plaintiff's statement that she has filed for arbitration and is prepared to arbitrate the matter (Doc. 7 at PageID 46), the Court assumes that she does not contest the validity or enforceability of the Agreement. Therefore, the Court concludes that the Agreement is valid and enforceable.

Second, as to the scope of the Agreement, the Agreement provides:

> Except as otherwise provided in this Agreement, UC Health and you agree to arbitrate all claims for which a court otherwise would be authorized to grant relief and that in any way arose or arise out of, or relate in any way to, your employment with UC Health or the termination of your employment with UC Health. This includes **all claims** that UC Health may have against you or that you may have against UC Health, **including all disputes regarding** compensation; claims for breach of contract or any promise; tort claims; **retaliation**; **claims of harassment or discrimination based on race**, color, sex, religion, national origin, age, ancestry, marital status, genetic information, disability, military of veteran status, and any other status protected by applicable law . . . and claims for violation of any federal, state or local law, ordinance, regulation, public policy, or the common law.

(Doc. 4-1 at PageID 33) (emphasis added). Defendants argue that each of Plaintiff's claims – retaliation, harassment, and discrimination – are within the scope of the above-mentioned clause of the Agreement. (Doc. 4 at PageID 14). Plaintiff does not mention any remaining claim against Defendants that fall outside the scope of the Agreement. *See* (Doc. 7). Thus, as with the validity of the Agreement, the Court assumes that Plaintiff concedes this point. Therefore, the Court concludes that all of Plaintiff's claims fall within the scope of the Agreement.

The Court must next decide whether to stay the action or dismiss it. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Gray v. Bush*, 628 F. 3d 779, 785 (6th Cir. 2010) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). However, when all of a party's claims are arbitrable, dismissal is appropriate. *See Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."); *see also Hensel v. Cargill, Inc.*, No. 99-3199, 198 F.3d 245 (Table), 1999 WL 993775, at *4 (6th Cir. Oct. 19, 1999) (per curium); *Aqua-Chem, Inc. v. Bariven, S.A.*, No. 3:16-CV-553, 2018 WL 4870603, at *3 (E.D. Tenn. Mar. 16, 2018)).

Here, Defendants argue that dismissal is appropriate because all of Plaintiff's claims are subject to arbitration. (Doc. 4 at PageID 16). Plaintiff argues that a stay is appropriate because she would likely appeal an order of dismissal. (Doc. 7 at PageID 47). Plaintiff's argument hinges on her right to appeal a court order refusing a stay of an action. Citing 9 U.S.C. §16(a)(1)(A), Plaintiff correctly asserts that an order refusing a stay of an action is appealable. (*Id.*). Unlike 9 U.S.C. §16(a)(1)(A), however, "an appeal may not be taken from an interlocutory order *granting* a stay . . ." (*Id.* at §16(b)(1)) (emphasis added). However, Plaintiff asserts no basis for an appeal other than the fact that she can appeal; she does not argue that she is entitled to appeal because her claims fall outside of the Agreement or that the Agreement itself is invalid and unenforceable. Defendants reply that Plaintiff's argument is contradictory in that she argues that judicial economy is best served by granting a non-appealable stay, but does not assert why she would feel compelled to appeal if the Court were to grant a dismissal.

The Court is within its discretion to dismiss a case where all claims are subject to arbitration. *See Green*, 200 F.3d at 973; *see also Hensel*, 1999 WL 993775, at *4; *Aqua-Chem, Inc.*, 2018 WL 4870603, at *3. Here, Plaintiff has neither disputed the arbitrability of her claims against Defendants nor argued that there is an outlying claim that is not subject to arbitration. Therefore, this Court holds that the Agreement is valid and enforceable, all of Plaintiff's claims fall within the scope of the Agreement, and dismissal without prejudice is appropriate.

## III. <u>CONCLUSION</u>

Based on the foregoing, Defendants' Motion to Dismiss, or in the Alternative, to Stay and Compel Arbitration (Doc. 4) is **GRANTED IN PART** and **DENIED IN PART**, in that

Defendants' Motion to Dismiss is **GRANTED**.

Defendants' Motion to Stay and Compel Arbitration is **DENIED**.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court